# CRAWFORD v. THE BANK OF MOBILE.

1. A levy on goods and seizure by the sheriff, is no satisfaction of the execution, if the goods are restored to the defendant upon the execution of a delivery bond.

2. The damages of six per cent. authorised to be imposed when an injunction is obtained for delay, cannot be allowed by the chancellor, unless the facts stated in the bill are shown to be untrue, or evasive, and cannot therefore be allowed when the bill is dismissed for the want of equity.

ERROR to the Chancery Court at Cahawba.

The bill which was filed by the plaintiff in error, alleges that he executed a note as surety for one John Dunn, together with another as co-surety to the Bank of Mobile, upon which judgment was obtained against him and the principal, and that execution issued thereon, which was levied on the property of Dunn, to an amount sufficient to satisfy the execution. That at the time of the levy, Dunn was absent; and at the instance and persuasion of the sheriff, who informed him it was necessary one of the defend-ants should be a party, and that he incurred no liability thereby, he signed a forthcoming bond as surety, with two of the family of Dunn, and another person as co-surety. That the bond was forfeited, and execution has issued against him. An injunction was awarded.

The sheriff answered the bill, and denied the facts alleged in the bill against him, but the answer was afterwards withdrawn by consent of the Solicitors. The Bank failing to answer, a judgment *pro confesso* was taken against it. On motion, the Chancellor dismissed the bill for want of equity, from which this writ is prosecuted.

G. W. GAYLE, for plaintiff in error.
EVANS, *contra.*

ORMOND, J.—The bill appears to have been filed on the sup-position that a mere levy on property, sufficient to satisfy the ex-ecution, was a satisfaction. The law is certainly otherwise. A seizure by the sheriff, on property sufficient to satisfy the debt, will be a satisfaction as it respects the defendant in execution, though the sheriff may waste the goods, and if it were conceded that the plaintiff, as surety, was entitled to avail himself of and defence which his principal could make, that is not the predicament of this case. Here the goods levied on were taken from the custo-dy of the sheriff, by the execution of a delivery bond, any restor-ed to the defendant in execution. It was therefore no satisfac-tion as it regards the defendant in execution. [See the case of Campbell v. Spence, at the present term.] As therefore, the plaintiff in error was liable on the judgment, he incurred no addi-tional responsibility by signing the delivery bond.

It is difficult to suppose that any one is so ignorant as to believe that he incurs no responsibility by becoming a party to a delivery bond; at all events every one must be held to a knowledge of the law, and cannot plead ignorance of it.

Besides, it is not charged that the Bank was at all privy to, or consenting to the representations of the sheriff, and cannot therefore be affected by them.    The bill is totally destitute of the semblance of equity, and was properly dismissed by the Chancellor, but in awarding damages against the complainant, because it appeared to him that the injunction was obtained for delay merely, the Chancellor erred.

The statute is to the following effect: "whenever an injunction shall be dissolved, damages after the rate of six per centum shall be added to the amount of the judgment; provided the court be of opinion that the injunction was obtained for delay." [Aik. Dig. 291.]   It is true, that every dismissal of a bill includes a dissolution of the injunction, but we do not think it follows that because a bill has no equity, it was necessarily intended for delay.    It may have been filed in good faith, under the advice of counsel, sanctioned by the opinion of the Judge granting the injunction, and in such a case, could not be said to be filed for delay.    In our opinion such a conlucsion cannot be drawn, but in a case where the facts upon which the bill is filed, and the injunction obtained, are shown by the answer to be untrue or evasive.

The Chancellor divided the costs between the complainant and the sheriff.    If this is an error, it is one in favor of the plaintiff in error, and cannot, therefore, be the subject of complaint by him.

The decree of the Chancellor must be so far modified as to dismiss the bill without damages.    Let the costs of this court be taxed against the Bank.